IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 24-08126-PCT-DJH (MTM) |
| Plaintiff, | No. CR 17-08242-PCT-DJH |
| v. | **REPORT AND RECOMMENDATION** |
| Giordano Jackson, | |
| Defendant/Movant. | |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Movant Jackson, who is confined in the United States Penitentiary in Louisiana, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Doc. 1.

**I.   SUMMARY OF CONCLUSION**

Movant was convicted of first-degree murder and multiple counts of assault. Movant is barred from relief under 28 U.S.C. § 2255 because he raises the same issue – arising from the prosecutor's Closing Argument at trial – previously litigated on direct appeal. This Court will recommend that the Motion be denied and dismissed with prejudice.

**II.   BACKGROUND**

   **A.   Conviction and Sentencing**

On November 12, 2018, in Arizona District Court, Movant was found guilty at trial of First-Degree Murder, Assault Resulting in Serious Bodily Injury, and two counts of

Assault with a Dangerous Weapon. CR 105.[1] At trial, the prosecution proved a prior romantic relationship between Movant and the victim and documented the victim's extensive and fatal wounds. *United States v. Jackson,* 2022 WL 331687, at *1 (9th Cir. Feb. 3, 2022). Movant was sentenced on February 25, 2019 to life imprisonment for his first degree murder conviction, and several concurrent terms of 120 months on other counts of conviction. CR 137.

### B. Direct Appeal

Movant timely appealed his conviction and sentence. Alleging prosecutorial misconduct, Movant asserted that the prosecutor in Closing Argument had "misstated evidence, argued matters not in evidence, exceeded the bounds of fair argument, and wrongly deployed inflammatory rhetoric to emotionally incite the jury." CA9 36 at 64 [Appellant's Opening Brief].[2] The Ninth Circuit found that the prosecutor had not committed misconduct. *Jackson,* 2022 WL 331687 at *2. In a separate opinion, the Ninth Circuit remanded for resentencing because it reversed Movant's conviction for a prior kidnapping of the murder victim. *United States v. Jackson*, 24 F.4th 1308, 1315 (9th Cir. 2022). Movant was resentenced on September 20, 2022 to life imprisonment for his first degree murder conviction as well as concurrent terms of 120 months for three counts of assault. CR 182. Movant filed a timely Notice of Appeal. CR 185. On April 26, 2023 the Ninth Circuit, after an independent review of the record in an *Anders* appeal, found that Movant had not presented any arguable grounds for relief. CR 192.

### III.  MOTION PURSUANT TO 28 U.S.C. § 2255

On June 24, 2024, Movant filed his Motion under 28 U.S.C. § 2255. As summarized by this Court, Movant asserts he received ineffective assistance of counsel based on trial counsel's failure to object to prosecutorial misconduct during the prosecutor's closing argument. Doc. 4. The United States filed a limited Response on September 17, 2024. Doc. 5. Movant replied on October 17, 2024. Doc. 6.

---

[1] CR cites are to the district court docket.

[2] CA9 cites are to the Ninth Circuit docket.

As noted by the United States in its Response (doc. 5 at 8), Movant's argument in his 28 U.S.C. § 2255 Motion repeats - *word for word* - his argument from his Opening Brief in his direct appeal of his first sentencing. *See* CA9 36 at 64. As he stated in his Opening Brief in his direct appeal, Movant again states:

> the prosecutor misstated evidence, argued matters not in evidence, exceeded the bounds of fair argument, and wrongly deployed inflammatory rhetoric to emotionally incite the jury.

Doc. 2 at 6. Further, Movant's supporting arguments in his § 2255 Motion, except for a few re-worded subheadings, are also a word for word repeat of his arguments from his Opening Brief on direct appeal. *See* Doc. 2 at 6-14 and his appellate brief at 54-61 from CA9 36.

Respondent asserts that the Motion violates a relitigation bar, because Movant's "claim of error on appeal – alleged prosecutorial misconduct in closing argument – mirrors exactly the error he now claims his counsel should have objected to." Doc. 5 at 9.

**Relitigation Bar**

In Movant's direct appeal, the 9th Circuit considered whether the prosecutor's Closing Argument was misconduct:

> [Movant] argues that the government committed misconduct in its closing arguments by alleging that [Movant], *inter alia*, searched for the murder weapon in his house, started beating the victim in his house, enjoyed domestic abuse, and lied about being intoxicated at the time of the murder.
>
> \*   \*   \*
>
> **The government's arguments that [Movant] lied were not misconduct**. In a case like this one that "essentially reduces to which of two conflicting stories is true," it is not unreasonable to argue "that one of the two sides is lying." **The government's graphic descriptions about [Movant's] proclivities for domestic abuse** present a closer call, but on balance, **those arguments were "hard blows" tied to "reasonable inferences from the evidence."** The government's statements about [Movant's] conduct in his home—searching for the weapon and beating the victim there – are arguably grounded in guesswork rather than inferences and evidence. **Nonetheless, [Movant] cannot establish plain error**: Given "the evidence supporting the jury's verdict, we do not believe

that permitting that verdict to stand constitutes a miscarriage of justice."

*Jackson,* 2022 WL 331687 at *2 (internal citations omitted, emphasis added).

The "law of the case" governing Movant's § 2255 motion, as established by the 9th Circuit on direct appeal, is that the government's Closing Argument was not misconduct and not plain error. Accordingly, Movant is barred from relitigating whether the prosecutor's Closing Argument constituted objectionable misconduct. *See Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975) and *United States v. Ramirez*, 327 Fed. App'x 751, 752 (9th Cir. 2009).

In his Reply, Movant asserts that his Motion is not barred, as he asserts it was *ineffective assistance of counsel* for his counsel not to object to the same words in Closing Argument that he argued on direct appeal were *prosecutorial misconduct*. Doc. 6 at 1-2. As a practical matter, Movant's argument fails, despite the new legal label he gives it, because his trial counsel's failure to object to the prosecutor's argument was not ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), where the prosecutor's argument was not in fact misconduct. *See Rupe v. Wood,* 93 F.3d 1434, 1145 (9th Cir. 1996) (it is not deficient performance for trial counsel to fail to take a futile act), and *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) ("It should be obvious that the failure of an attorney to raise a meritless claim is not prejudicial.").

Movant is not persuasive in his attempt to distinguish his § 2255 Motion from his direct appeal. The 9th Circuit previously ruled upon the legal significance of the prosecutor's Closing Argument and whether it was misconduct. That holding resolves Movant's § 2255 Motion, despite the new label Movant applies to the same argument previously presented on direct appeal. *See United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) (applying relitigation bar to § 2255 Motion where issue was resolved on direct appeal, because the "fact that the issue may be stated in different terms is of no significance"); *see also United States v. Loglia*, 2016 WL 7013454 *5 (D. Nev. Nov. 29, 2016) (where Ninth Circuit on direct appeal resolved defendant's objection to a jury

instruction, district court applied relitigation bar to a § 2255 Motion, even though defendant re-cast his argument as ineffective assistance of counsel, finding "[n]or does it matter that defendant–Petitioner states his claim as ineffective assistance of counsel").

The 9th Circuit explicitly stated that the prosecutor's statements that Movant lied and the "graphic statements" about Movant's proclivities for domestic abuse were not misconduct. *Jackson,* 2022 WL 331687 at *2. Movant attempts to avoid the relitigation bar by pointing to (doc. 2 at 15) additional statements[3] the 9th Circuit found were not plain error though "arguably grounded in guesswork rather than inferences and evidence." *Id*. Movant argues that as to these statements, his counsel's failure to object was ineffective assistance of counsel. Doc. 2 at 15.

Movant fails in his attempt to carve out an exception for the prosecutor's statements that were found not to be plain error, because by that finding the 9th Circuit necessarily found that Movant could not meet the higher standard required for a finding of ineffective assistance of counsel. *See Ramirez*, 327 Fed. App'x at 752, noting that a holding on direct appeal that an alleged error was harmless precludes a claim in a § 2255 Motion that the same conduct was ineffective assistance of counsel. Put differently, if the alleged error was not plain error, then trial counsel's failure to object could not satisfy the prejudice prong of *Strickland*. *Id.*

### IV.   CONCLUSION

The Court finds that the Motion to Vacate, Set Aside, or Correct Sentence is barred by a relitigation bar.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition

---

[3] The prosecutor's statements about Movant's "conduct in his home" in "searching for the weapon" and "beating the victim there." *Jackson,* 2022 WL 331687 at *2.

is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 27th day of March, 2025.

Honorable Michael T. Morrissey
United States Magistrate Judge